## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 5:11 CR 0052-LW |
| Plaintiff | : | |
| | | JUDGE LESLEY WELLS |
| | : | |
| JEFFREY LEVENDERIS | : | **MOTION TO SUPPRESS** |
| | : | |
| Defendant | | |
| | : | |

Defendant, Jeffrey Levenderis, by and through counsel, respectfully moves this Honorable

Court for a hearing in support of an Order suppressing the physical evidence and statements

obtained by the Government in this matter in violation of his constitutional rights.

WHEREFORE, the Defendant respectfully moves for an Order granting the above requested
relief.

Respectfully submitted,

*s/ Andy P. Hart*
Andy P. Hart (0075707)
Assistant Federal Public Defender
617 Adams Street 2nd Floor
Toledo, Ohio 43604
Ph: 419.259.7370
Fax: 419.259.7375
Email: andy_hart@fd.org.

1

## MEMORANDUM IN SUPPORT

On or about January 24, 2011, agents in the FBI Akron office received a phone call from the Summit County Emergency Management Agency. The Summit County EMA reported that Bob Coffman had inquired how to dispose of a substance he suspected to be Ricin located at a local residence. Coffman was interviewed on the same date, identified the circumstances of the report and the residence at 2694 South Main Street, Akron, Ohio. During that interview, Coffman executed a written consent to search the above address, which was then searched by the FBI and other government agents on January 25, 2010, recovering evidence now being used against Levenderis in this matter. It is Counsel's understanding that there was no search warrant issued for the above property prior to or subsequent to the initial entry on January 25, 2010.

At the time of the initial January 24, 2010 report, Jeffrey Levenderis was hospitalized at Essex of Tallmadge Nursing Home.[1] Levenderis was first questioned by FBI agents on January 24 at Essex of Tallmadge. During that first exchange, he offered statements and executed a written consent to search two computers, one located at 2694 S. Main Street, Akron, Ohio and the other in the custody of a third-party at a separate address. Agents then returned to question Levenderis on January 27, 2011, again at Essex of Talmadge. Levenderis was questioned a third time on January 27, 2010 at the FBI Akron office in the presence of his attorney, Hank Meyer. Bob Coffman is listed as being present at the Akron FBI office on this date. It is Counsel's understanding that no

---

[1] Levenderis had been hospitalized since November 3, 2010, first at the City Hospital and then transferred to Essex of Tallmadge.

2

written or verbal legal waivers other than those described above were obtained during these events.[2]

As to the seizure of the physical evidence from the residence and from any other third-party, while these circumstances will likely present a confluence of constitutional issues, the searches were done without a warrant placing the burden on the Government to demonstrate the legality of the seizure. *United States v. McClain*, 444 F.3d 556 (6th Cir. 2005) Levenderis submits that none of the exceptions to the warrant requirement can justify the warrantless seizure of the physical evidence. With respect to the statements, the FBI agents apparently did not advise Levenderis of any of the rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966).The determinative question, then, is whether Levenderis, by virture of his hospitalization, was entitled to such an advisement during any or all of the three occasions when he was questioned.

> The Supreme Court has established that *Miranda* warnings are necessary 'only where there has been such a restriction on a person's freedom as to render him in custody. *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711 (1977). Coercive environments not rising to the level of formal arrest or restrain on freedom of movement do not constitute custody within the meaning of *Miranda*. Consequently, the issue before us is whether there was a formal arrest or a 'restraint on freedom of movement of the degree associated with a formal arrest.' *California v. Beheler*, 463 U.S. 1121, 103 S.Ct. 3517. We must inquire 'how a reasonable man in the suspect's position would have understood his situation'. *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138; *United States v. Macklin*, 900 F.2d 948 (6th Cir.)

*United States v. Phillip*, 948 F.2d 241 (6th Cir. 1991) More directly to this issue, there is an abundance of precedent, primarily under state law, addressing whether a person who is hospitalized but not formally arrested is effectively in custody for purposes of *Miranda*. See; *Reinert v. Larkins*,

---

[2] There is an indication that at the end of the second conversation on January 27, Levenderis indicated, not in response to any advisement by agents, that he would not answer any further questions without counsel. The information received by counsel indicates that the agents ceased questioning during that session until the subsequent questioning with Attorney Hank Meyer. Whether and in what form any waiver was discussed during that meeting is unclear.

379 F.3d 76 (3rd Cir. 2004); *What Constitutes "Custodial Interrogation" at Hospital by Police*

*Officer Within Rule of Miranda v. Arizona*, 30 A.L.R. 103 §§ 20-22, 24. In *United States v. Martin*,

the 9th Circuit discussed (a non-exclusive list) of circumstances in which a hospitalization could

constitute "custody" for purposes of *Miranda.*

> This is not to say that an individual would never be "in custody" when held for
> medical treatment in a hospital. If the police took a criminal suspect to the hospital
> from the scene of a crime, monitored the patient's stay, stationed themselves
> outside the door, arranged an extended treatment schedule with the doctors, or
> some combination of these, law enforcement restraint amounting to custody could
> result. There is nothing in this case to suggest the officers deliberately delayed
> making a formal arrest in order to avoid compliance with *Miranda.*

*United States v. Martin*, 781 F.2d 671 (9th Cir. 1985). At the time of the interview, Levenderis

had no real ability to leave, was pursued on several occasions by agents, had a myriad of

ongoing serious physical health problems, was always the target of the investigation and was

never considered a witness, was questioned repeatedly on substantive issues as well as to the

credibility of his previous statements, and was suffering from real cognitive impairments. He

was effectively in custody and entitled to a *Miranda* advisement prior to the agent's examination

of him and his activities.

Alternatively, Levenderis submits that even if this Court determines no *Miranda* warning

was required, the circumstances of the initial questioning were not voluntary. *Mincey v. Arizona*,

437 U.S. 385, 98 S.Ct. 2408 (1978); *Beecher v. Alabama*, 389 U.S. 35, 88 S.Ct. 189 (1967).

> Confessions are involuntary only if the defendant can establish 'the crucial
> element of police overreaching.' *Colorado v. Connelly*, 479 U.S. 157, 107
> S.Ct. 515 (1986). On occasion, the Supreme Court has deemed certain
> methods and situations to be 'inherently coercive.' *See, e.g., Oregon v.*
> *Elsatd*, 470 U.S. 298, 312 n. 3, 105 S.Ct. 1285 (collecting cases); *Ashcraft*
> *v. Tennessee*, 322 U.S. 143, 64 S.Ct. 921 (1944) (defendant held
> incommunicado, without sleep or rest for thirty-six hours while questioned
> by relay of officers without respite). The use of a confession that is 'not the

product of a rational intellect and a free will' also constitutes a denial of

due process. *Mincey v. Arizona*, 437 U.S. 385, 398, 98 S.Ct. 2408 (1978).

*Amunga v. Jones*, 51 Fed.Appx. 532 (6th Cir. 2002). The same circumstances which are relevant

to whether Levenderis was in custody are equally applicable to establishing that the agents

questioned Levenderis under circumstances which cannot support a finding of voluntariness.

WHEREFORE, Jeffrey Levenderis, respectfully moves for a hearing in support of an

Order suppressing any statements and physical evidence seized in violation of his constitutional

rights.

Respectfully submitted,

*s/ Andy P. Hart*

Andy P. Hart
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2011, a copy of the foregoing Motion was filed

electronically. Notice of this filing will be sent by operation of the Court's electronic filing

system to all parties indicated on the electronic filing receipt. All other parties will be served by

regular U.S. Mail. Parties may access this filing through the Court's system.

*s/ Andy P. Hart*

Andy P. Hart
Assistant Federal Public Defender